## EVANS INSURANCE AGENCY v. RONDINO.
No. 131896.
Small Claims Court, Dade County.
March 3, 1965.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the defendant.

Plaintiff is seeking to recover an alleged earned premium under a family combination automobile policy issued to the defendant.

The evidence shows that the plaintiff has issued family combination automobile policies to the defendant for the past several years. The first policy was issued for coverage beginning September 7, 1961 and subsequent policies were issued continuously

and without interruption purportedly providing coverage through March 7, 1965.

The policy on which the plaintiff now seeks to recover its alleged earned premium covered the period from September 7, 1964 to March 7, 1965. For this policy period the plaintiff issued to the defendant a family combination automobile renewal certificate which contained the following language—

"It is further agreed that *the policy is not extended beyond the expiration date unless the payment of premium is made* to a duly authorized representative of the company *in advance of the effective date of this renewal certificate.*" (Italics added.)

The defendant testified that he read the abovementioned provision contained in the renewal certificate and obtained coverage with another carrier. The evidence further shows plaintiff telephoned defendant on September 25, 1964 to inquire about the non-payment of the premium. On October 18, 1964 defendant returned the policy to the plaintiff and advised plaintiff that he had procured liability insurance from another company.

The plaintiff contends that in order to avoid premium liability it was necessary for the defendant to cancel the policy according to the terms of the insurance contract provisions. The cancellation provision, Part IV, Sec. 16, provides in part—

"This policy may be cancelled by the insured named in item 1 of the declarations by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective."

Defendant contends that there was no coverage and therefore no premium liability prior to the purported cancellation. The general principle of law governing the liability of an insured under the facts of this case is well stated in 44 Corpus Juris Secundum, Insurance, §286, pp. 1134-5—

"[T]he payment of a renewal premium is not necessary to render a renewal contract valid or effective in the first instance, *unless made a condition precedent*, and even then it may be waived by extension of credit or otherwise, and evidence of a custom or course of dealing between the parties with reference to such waiver or extension of credit may be shown . . ." (Italics added.)

No evidence was adduced by the plaintiff to show any custom or previous course of dealings between the parties hereto that would support a finding that the parties had waived the afore-

mentioned policy provision which requires payment of premium as a "condition precedent" to renewal.

On the basis of the principles of law above stated and the facts herein, plaintiff is not entitled to recover.